AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

13 JUN -4 PM 1:05

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ACE XAVIER ADORNO (3) | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number: 12CR1751-BEN<br><br>MAYRA L. GARCIA, DOMENIC J. LOMBARDO<br>Defendant's Attorney |

**REGISTRATION NO.** 31665298

☐

THE DEFENDANT:
☒ pleaded guilty to count(s) **3s OF THE SUPERSEDING INFORMATION.**

☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 21 USC 843(b) | UNLAWFUL USE OF A COMMUNICATION FACILITY | 3s |

The defendant is sentenced as provided in pages 2 through **8** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) **REMAINING AND UNDERLYING INFORMATION** is ☐ are ☒ dismissed on the motion of the United States.

☒ Assessment: $100.00 forthwith or through the Inmate Financial Responsibility Program (IFRP) at the rate of $25.00 per quarter during the period of incarceration.

☐ Fine waived       ☒ Forfeiture pursuant to order filed **MARCH 8, 2013**, included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

MAY 28, 2013
Date of Imposition of Sentence

HON. ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

12CR1751-BEN

DEFENDANT: ACE XAVIER ADORNO (3)
CASE NUMBER: 12CR1751-BEN

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of FORTY-EIGHT (48) MONTHS.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:
DEFENDANT BE ALLOWED TO PARTICIPATE IN THE 500-HOUR DRUG TREATMENT PROGRAM.

DEFENDANT BE INCARCERATED WITHIN THE WESTERN REGION OF THE UNITED STATES.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☒ before 5:00PM ON JULY 12, 2013.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

12CR1751-BEN

DEFENDANT: ACE XAVIER ADORNO (3)
CASE NUMBER: 12CR1751-BEN

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
ONE (1) YEAR.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: ACE XAVIER ADORNO (3)
CASE NUMBER: 12CR1751-BEN

## SPECIAL CONDITIONS OF SUPERVISION

☒ Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☐ Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.

☐ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☐ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. Is required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☒ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☐ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☒ Attend Gamblers Anonymous meetings as directed by the probation officer.

☐ Resolve all outstanding warrants within ____ days.

☐ Complete ____ hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☒ Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. Is required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☒ Not loiter, frequent, or patron a casino or any gambling establishments.

DEFENDANT: ACE XAVIER ADORNO (3)
CASE NUMBER: 12CR1751-BEN

# FINE

The defendant shall pay a fine in the amount of $400.00 unto the United States of America.

This sum shall be paid ___ immediately.
                        _X_ as follows:

Forthwith or through the Inmate Financial Responsibility Program (IFRP) at the rate of $25.00 per quarter during the period of incarceration.

The Court has determined that the defendant _does_ have the ability to pay interest. It is ordered that:

_X_ The interest requirement is waived.

___ The interest is modified as follows:

```
 1
 2                                    13 MAR -8 AM 8:23
 3
 4                                                    DEPUTY
 5
 6
 7
 8                  UNITED STATES DISTRICT COURT
 9                SOUTHERN DISTRICT OF CALIFORNIA
10   UNITED STATES OF          )  Case No. 12cr1751-BEN
     AMERICA,                  )
11                             )  AMENDED ORDER OF
                    Plaintiff, )  CRIMINAL FORFEITURE
12                             )
          v.                   )
13                             )
     ACE XAVIER ADORNO (3),    )
14                             )
                    Defendant. )
15   _____)
```

16    On October 19, 2012, this Court filed its
17 Preliminary Order of Criminal Forfeiture, which condemned
18 and forfeited to the United States all right, title and
19 interest of ACE XAVIER ADORNO (3) ("Defendant") in the
20 property listed in the Forfeiture Allegation of the
21 Superseding Information, including but not limited to,
22        **(1) $41,480.00 in United States currency.**
23    For thirty (30) consecutive days ending on September
24 5, 2012, the United States published on the Government's
25 forfeiture website, www.forfeiture.gov, notice of the
26 Court's Order and the United States' intent to dispose
27 of the property in such manner as the Attorney General
28 may direct, pursuant to 21 U.S.C. § 853(n) and Rule G(4)

1  of the Supplemental Rules for Admiralty or Maritime
2  Claims and Asset Forfeiture Actions, and further
3  notifying all third parties of their right to petition
4  the Court within thirty (30) days of the final
5  publication for a hearing to adjudicate the validity of
6  their alleged legal interest in the property.

7  On November 7, 2012, a Notice of Order or Forfeiture
8  and a copy of the Preliminary Order of Criminal
9  Forfeiture was sent by certified mail as follows:

| Name and address | Article No. | Result |
|---|---|---|
| Tareq Zeyad Teebi<br>11452 Smithers Court<br>San Diego, CA 92126-1432 | 7012 0470 0002 4445 5672 | Returned to sender. |
| Tareq Zeyad Teebi<br>Prisoner ID No. 31666-298<br>P.O. Box 439049<br>San Diego, CA 92143-9049 | 7012 0470 0002 4445 5689 | Marked as received on 11/9/12. |
| Tareq Zeyad Teebi<br>c/o Andrew K. Nietor<br>110 West C Street, Suite 1903<br>San Diego, CA 92101. | 7012 0470 0002 4445 5665 | Marked as received on 11/8/12. |
| Daniel Yacub Ablahad<br>855 Portland Street, Apt. J<br>El Cajon, CA 92020-7681 | 7012 0470 0002 4445 5658 | Returned to sender. |
| Daniel Yacub Ablahad<br>c/o Lupe C. Rodriguez, Jr.<br>444 West C Street, Suite 340<br>San Diego, CA 92101 | 7012 0470 0002 4445 5641 | Marked as received on 11/9/12. |
| Hector Adorno<br>2106 Laura Drive<br>Escondido, CA 92027-1167 | 7012 0470 0002 4445 5634 | Marked as received on 11/8/12. |
| Hector Adorno<br>c/o Richard M. Barnett, Esq.<br>105 West F Street, 4th Floor<br>San Diego, CA 92101-6087 | 7012 0470 0002 4445 5627 | Marked as received on 11/8/12. |

27  //
28  //

| | |
|---|---|
| Hector Adorno<br>c/o Domenic Lombardo, Esq.<br>1010 2nd Avenue, Suite 1820<br>San Diego, CA 92101-4902 | 7012 1010 0000 3181 7859 Marked as<br>received on<br>11/9/12. |

Thirty (30) days have passed following the final date of notice by publication, and no third party has made a claim to or declared any interest in the forfeited property described above.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, as a result of the failure of any third party to come forward or file a petition for relief from forfeiture as provided by law, all right, title and interest of ACE XAVIER ADORNO (3) and any and all third parties in the following property is hereby condemned, forfeited and vested in the United States of America:

**(1) $41,480.00 in United States currency.**

IT IS FURTHER ORDERED that costs incurred by the United States Marshals Service (USMS) and any other governmental agencies which were incident to the seizure, custody and storage of the property be the first charge against the forfeited property.

IT IS FURTHER ORDERED that the USMS shall dispose of the forfeited property according to law.

DATED: 2/06/2013

HONORABLE ROGER T. BENITEZ
United States District Court